UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CLORINDE A MITCHELL**              **CASE NO. 2:23-CV-00930**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**ACE AMERICAN INSURANCE CO ET AL**   **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude Evidence of Other Accidents, Lawsuits and/or Claims" (Doc. 27) filed by Plaintiff, Clorinde A. Mitchell.

## BACKGROUND

This lawsuit involves a collision, which involved Plaintiff, and a 2022 International Harvester/Navistar truck tractor, operated by Defendant, Tariq Hashim Amos, and owned by J B Hunt Transport, Inc. Defendants here have stipulated as to liability; therefore, the only issue is whether Plaintiff was injured in the collision and the extent of her damages.

## LAW AND ANALYSIS

Plaintiff seeks to prohibit Defendant from mentioning or presenting evidence regarding two accidents Plaintiff was involved with in 1999 and 2014. Plaintiff argues that this evidence is irrelevant to the current accident and provides no probative value.

To be admissible, evidence must be relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rule of Evidence 401. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. Federal Rule Evidence 403.

Defendants inform the Court that Plaintiff has denied the existence of these prior injuries to her treating physician in this matter, however, Plaintiff's medical records prove otherwise. Defendants argue that evidence of prior accidents is relevant insofar as they relate to the injuries sustained in those prior accidents. Defendant remark that Plaintiff has correctly noted in her supporting memorandum, the defense's IME physician in this matter has cited injuries sustained in the prior accidents as a basis for his opinions/conclusions. However, Plaintiff contends that the IME physician only mentioned the 2014 accident, but not the 1999 motor vehicle accident but did not rely on either as the basis for his opinions.

The Court agrees with Defendants that evidence of prior injury is admissible to the extent that it bears upon issues in this matter, and as such, it may to relevant to show Plaintiff's medical condition prior to the accident. *Vaughn v. Hobby Lobby Stores, Inc.*, 2021 U.S.Dist. LEXIS 93615, *21-22 (W.D. La. May 17, 2021) ("The Court finds that evidence of Vaughn's prior accidents, injuries, and medical conditions may be relevant to show her medical condition prior to this accident, as her medical records indicate a history of many of the same issues that she is claiming were caused by this incident, including anxiety, depression, panic attacks, night terrors, among other things. Furthermore, evidence of her prior accidents, injuries, and medical conditions may become relevant for other purposes, including potentially impeachment depending on her trial testimony.")

Additionally, because Plaintiff denied the existence of these prior injuries to her treating physician, this evidence is potentially admissible for impeachment purposes. As such, the Court will deny Plaintiff's request to exclude evidence of prior accidents. The Court will exclude evidence of prior accidents, lawsuits and claims only to the extent the purpose is to establish or prove Plaintiff acted in accordance with a certain character. *Hebert v. Prime Insurance Co.* 2:18-CV-00899, 2020 WL 1312449 (W.D. La. 2020). Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Evidence of Other Accidents, Lawsuits and/or Claims (Doc. 27) is **GRANTED** in part and **DENIED** in part as explained herein above.

**THUS DONE AND SIGNED** in Chambers on this 11th day of February, 2025.

                            **JAMES D. CAIN, JR.**
                    **UNITED STATES DISTRICT JUDGE**