UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLORINDE A. MITCHELL** | : | **DOCKET NO. 2:23-cv-00930** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN INSURANCE CO ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is Plaintiff's Motion to Compel Third Party Responses to Subpoena to Produce Documents. Doc. 25. The time for opposition has passed with none being filed, making this motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This dispute arises from an automobile collision that occurred in June 2022. Doc. 1, att. 1, ¶ 2. Plaintiff claims the collision caused injuries to her back, arms, and breasts, and has led to anxiety and headaches. *Id.* at ¶ 4. She further claims that she has and will continue to sustain pain and suffering, disability, loss of earnings, loss of future earning capacity, and loss of enjoyment of life. *Id.* at ¶ 5.

Plaintiff issued a subpoena to produce documents to third-party Calcasieu Spinal Care, Inc. ("CSC"). Doc. 25, att. 5. The subpoena requested:

> Certified copies of any and all medical records (stored electronically or otherwise pertaining to Clorinde A. Mitchell, date of birth: 03/03/1969, Social Security Number: 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, at any time for any reason, for the period beginning 06/22/2022 to the time records are produced, including but not limited to, all medical bills, correspondence, notes, charts, reports, intake forms, whether typewritten or handwritten, any and all test results/reports, lab results/reports, x-ray films/results/reports, doctors and nurses reports,

> consultation reports from any other physicians, specialists or medical institution, as well as any and all other records contained in your file which relate to Clorinde A. Mitchell.

*Id.* at p. 9. The subpoena was served upon CSC through Dr. David M. Duhon on December 20, 2024. Doc. 25, att. 4. The production was due by January 3, 2025 [doc. 25, att. 5, p. 1] but no responsive documents were produced by that date [doc. 25, att. 1, p. 1]. Counsel for Plaintiff then attempted to obtain responses by appearing at CSC in person on January 9, 2025. Doc. 25, att. 1, p. 1. While no records were produced in person, Dr. Duhon provided medical records to Plaintiff that same day. *Id.* at p. 2. Plaintiff, however, contends the produced records are deficient as they did not include a certificate of authenticity, any handwritten client forms, or any appointment sign-in sheets. *Id.*

Plaintiff thus filed the instant motion, asking the court to compel CSC to produce all requested documents and related materials. Doc. 25, att.1, p. 3. Plaintiff asks this Court to order CSC to show cause as to why they should not be compelled to provide the requested materials. *Id.* The time for response has passed, and no opposition was filed. The Court will therefore treat the motion as unopposed.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. In this case, CSC did not object to the subpoena, *see* Fed. R. Civ. P. 45(d)(2)(B), nor did it move to quash or modify the subpoena, *see* Fed. R. Civ. P. 45(d)(3). Instead, CSC responded to the subpoena, albeit untimely, providing what Plaintiff believes are incomplete records. Doc. 25, att. 1, p. 2. In such circumstances, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Indeed, Rule 45(g) provides the sole remedy for noncompliance of a third party and "doesn't explicitly 'authorize a motion to compel a non-party's

compliance with a subpoena's command.'" *EB Holdings II, Inc. v. Illinois Nat'l Ins. Co.*, No. CV 4:21-MC-02650, 2021 WL 6134783 at *1 (S.D. Tex. Dec. 29, 2021).

Nevertheless, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . ." Fed. R. Civ. P. 45(g) advisory committee notes (2013 amend.).[1]  Generally, after the movant makes a proper showing of issuance of a valid subpoena, the court "may then issue an order requiring the nonparty to either comply with the subpoena, seek protection under Rule 45, or respond to the motion and show cause why he or she shouldn't be held in contempt." *EB Holdings II*, 2021 WL 6134783 at *1; *see also Cypress Prop. & Cas. Ins. Co. v. Jallad & R Invs., LLC*, No. 3:21-CV-1478-L, 2023 WL 2899461 at *4 (N.D. Tex. Mar. 2, 2023), *report and recommendation adopted*, No. 3:21-CV-1478-L, 2023 WL 2895571 (N.D. Tex. Apr. 10, 2023).  In this case, Plaintiff has asserted issuance of a valid subpoena to CSC; no one has argued to the contrary; and the court has no basis to conclude otherwise.

Thus, the Motion to Compel [doc. 25] is granted.  As CSC has partially responded to the subpoena [doc. 25, att. 1, p. 2], however, the Court does not believe an order to show cause is needed.  Accordingly, CSC need only fully respond to the subpoena and produce the requested deficient documents to Plaintiff within 14 days of the date of this Memorandum Order without objection, except for any claim of privilege properly asserted according to Rule 45(e)(2).  If these documents do not exist, responses must sufficiently explain this.  In the event CSC fails to produce the documents as ordered, Plaintiff shall be entitled to re-urge their motion to show cause and bring a motion for contempt.

---

[1] *See also U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (recognizing that while a party is not required to first obtain a court order compelling compliance with its subpoena before initiating contempt proceedings, "[a]s a general matter . . . the more prudent practice for the court is to issue such an order before entertaining a motion for contempt. *See* 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008) ('The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.')").

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Compel Production of Documents [doc. 25] is **GRANTED.**

**IT IS HEREBY FURTHER ORDERED** that Calcasieu Spinal Care, Inc., shall fully respond to the subpoena and produce the following requested documents to Plaintiff within **14 days** of the date of this Memorandum Order without objection, except for any claim of privilege properly asserted according to Rule 45(e)(2):

1) a certificate of authenticity as to all records produced by Calcasieu Spinal Care, Inc., to Plaintiff;

2) copies of any handwritten forms completed by plaintiff, Clorinde A. Mitchell; and

3) copies of any appointment sign-in sheets completed by plaintiff, Clorinde A. Mitchell.

In the event Calcasieu Spinal Care, Inc., contends any of the documents requested do not exist or are not in its possession, custody or control, Calcasieu Spinal Care, Inc., shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Plaintiff within the response deadline set forth above.

Plaintiff shall be responsible for serving a copy of this Memorandum Order on Calcasieu Spinal Care, Inc., in accordance with Federal Rule of Civil Procedure 45(b) including providing proof of service pursuant to Rule 45(b)(4).

THUS DONE AND SIGNED in Chambers this 19th day of February, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE