UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLORINDE A MITCHELL** | **CASE NO. 2:23-CV-00930** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude Surveillance Video and Report" (Doc. 28) filed by Plaintiff, Clorinde A. Mitchell. Specifically, Plaintiff moves to exclude Miceli Investigations' report and surveillance video.

## BACKGROUND

This lawsuit involves a collision, which involved Plaintiff, and a 2022 International Harvester/Navistar truck tractor, operated by Defendant, Tariq Hashim Amos, and owned by J B Hunt Transport, Inc. Defendants here have stipulated as to liability; therefore, the only issue is whether Plaintiff was injured in the collision and the extent of her damages.

## LAW AND ANALYSIS

Plaintiff remarks that portions of the surveillance video depict the investigator recording Ms. Mitchell traveling in her vehicle followed by an attempt to show Plaintiff's post collision driving tendencies. Additionally, Plaintiff complains that the surveillance footage provided is a 14-minute and 16-second edited version, and the Defendant has withheld the full, unedited video. Plaintiff argues that the Miceli report and video contains irrelevant, unreliable, unquantifiable, inadmissible hearsay evidence that is irrelevant to

this matter. Specifically, Plaintiff posits that the manner in which she drives post-collision is not relevant, noting that Defendants have admitted liability. Additionally, Plaintiff argues that the investigator's method of recording Plaintiff's alleged speed is unscientific and not based on any established or scientifically recognized methodology.

Lastly, Plaintiff contends that the video is not reliable and has the potential to be prejudicial because Plaintiff has not been provided the unedited version of the video. Plaintiff requests that she be provided the unedited version prior to trial so she can evaluate and prepare her case. Otherwise, she requests that the video be excluded. The Court notes that it ordered Defendants to provide an unedited version of the video, to which they complied, and the Court has reviewed that video in its entirety.

Defendants inform the Court that they provided Plaintiff the surveillance at issue by email dated July 9, 2024, and that Plaintiff subsequently issued a subpoena for the records on December 11, 2024.[1] As such, Defendants argue that Plaintiff's argument that there is not sufficient time to remedy the issue is misleading to the Court because Plaintiff has had ample time to conduct relevant discovery and/or to depose the private investigator.

Plaintiff relies on Federal Rule of Evidence 801 to support her argument that the Miceli report is inadmissible hearsay and Federal Rule of Evidence 401 that it is irrelevant. Plaintiff argues that the report contains Miceli's out-of-court statements presented for the truth of the matter asserted. Defendants agree that the report is hearsay.

---

[1] Defendant's exhibits A and B.

Plaintiff also relies on Federal Rule of Evidence 403 to argue that even if the video is relevant, it should be excluded because its probative value is substantially outweighed by a risk of unfair prejudice, confusion of the issues, misleading the jury or wasting time. Plaintiff argues that her conduct after the collision is unrelated to and cannot prove the specifics of her behavior immediately before or during the crash, and again it is irrelevant because Defendants have admitted liability. Defendants contend that Plaintiff seeks to exclude the video because she has testified that she has ongoing anxiety as a result of the accident, and the video depicts her speeding, tailgating and talking on her cell phone while driving.

Plaintiff complains that the video could have been selectively cut to present a misleading portrayal of Plaintiff's actions, but Defendant remarks that Plaintiff offers no support that the video has been edited, which Defendant suggests is an outlandish and unsubstantiated assertion. Defendants also remark that Plaintiff's position that the investigator's methodology using his own speedometer is questionable as to Plaintiff's speed, is corroborated by additional photos of his speedometer as he followed and videoed Plaintiff.[2] Additionally, Defendants argue that a *Daubert* analysis to the surveillance report is not necessary to establish Plaintiff's driving pattern or behavior and can be further raised through cross-examination.

Plaintiff remarks that the video she received has several "time skips" and that these edits result in missing segments of the video. Plaintiff argues that the edited video

---

[2] Defendant's exhibit C.

undermines the integrity of the video and calls into question its authenticity and reliability. Plaintiff argues that the edited video could cause the jury to draw improper inferences. It appears that Plaintiff has not received the unedited video, and thus was not responsible for deposing its author. In other words, Plaintiff posits that it is under no obligation to take a deposition in lieu of receiving the requested evidence, and Plaintiff should not be required to incur additional expenses to conduct depositions in an attempt to obtain evidence that has already been requested by subpoena. The Court notes that Plaintiff could have moved to compel Defendants to respond to the December 11, 2024, subpoena, but as of this date, has chosen not to do so.[3]

Plaintiff also maintains that the investigator should not be allowed to testify as an expert regarding her driving speed because the investigator intends to testify that Plaintiff was speeding merely by recording her vehicle alongside his own speedometer, without any scientifically accepted or reliable methodology to substantiate the conclusions drawn from such recordings.

The Court agrees with Plaintiff that the private investigator cannot testify as an expert based on his attempted methodology. However, he can testify as to his observations. Furthermore, it would be premature to exclude the edited video at this juncture without giving the Defendants the opportunity to authenticate it and explain the time skips at the trial of this matter. The Court agrees that the private investigator's methodology is unreliable and flawed. However, the Court finds that the remaining portions of the

---

[3] As of this date, the motion to compel deadline has now lapsed. Doc. 15.

surveillance video is admissible for impeachment purposes as to Plaintiff's claims of anxiety regarding her mental anguish claims and alleged physical limitation claims. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Surveillance Video and Report" (Doc. 28) filed by Plaintiff, Clorinde A. Mitchell is **GRANTED** to the extent that (1) the Court will not permit the private investigator to testify as an expert, (2) the report is not admissible, and (1) those portions of the video that show the private investigator's speedometer to reflect Plaintiff's rate of speed will not be admissible; otherwise, the Motion is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 21st day of February, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**