## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **CLORINDE A MITCHELL** | **CASE NO.  2:23-CV-00930** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Strike Plaintiff's new Orthopedic Physician from Testifying at Trial and/or Alternatively for Continuance of Trial and Extension of Deadlines that have not yet Expired and for Defendants to Designate an Additional Expert" (Doc. 45). Also before the Court is a "Motion for Leave of Court to Supplement Plaintiff's Expert Designation" (Doc. 47) wherein Plaintiff, through counsel, moves to extend her Expert Designation deadline that lapsed on December 16, 2024, to allow her to designate Orthopedic Surgeon, Dr. Julio Petilon as an expert in this case that is currently set for trial on March 17, 2025.

## BACKGROUND

This lawsuit involves a collision, which involved Plaintiff, and a 2022 International Harvester/Navistar truck tractor, operated by Defendant, Tariq Hashim Amos, and owned by J B Hunt Transport, Inc.   Defendants have stipulated as to liability; therefore, the only issue is whether Plaintiff was injured in the collision and the extent of her damages.

Plaintiff was first seen by Dr. Petilon on January 30, 2025, after being referred by her treating physician, Dr. Chaiban, who included an assessment of future medical expenses similar to that of a life care planner, despite Dr. Chaiban not being a certified life

care planner. Defendants remark that Plaintiff's Rule 26 disclosure does not identify Dr. Petilon as an expert or a life care planner.

## LAW AND ANALYSIS

Defendants move to strike Dr. Julio Petilon because Plaintiff failed to disclose the proposed expert in her Rule 26 disclosures and/or prior to the December 16, 2024, deadline. Defendants contend that Dr. Petilon's testimony is intended to overcome Plaintiff's failure to obtain evidence of Plaintiff's future medical expenses through a certified life care planner.[1] Additionally, Defendants move to strike Dr. Petilon because Plaintiff failed to produce his curriculum vitae, testimony history and reliance materials in compliance with Federal Rule of Civil Procedure 26.

Alternatively, Defendants request that if the Court is not inclined to strike Petilon, the March 17, 2025, trial date should be continued to allow Defendants the opportunity to conduct further limited discovery, including an IME by an orthopedist and to depose Dr. Petilon. Defendants also request an extension of deadlines that have not expired; Defendants oppose resetting any deadlines that have lapsed.

Plaintiff argues that she is justified in failing to disclose her expert. Defendants became aware of Plaintiff's orthopedic consultation on January 23, 2025, at Dr. Chaiban's deposition. Plaintiff received Dr. Petilon's record on February 17, 2025, and immediately provided it to Defendants. Plaintiff also informs the Court that it provided Dr. Petilons's

---

[1] Defendants notified Plaintiff's counsel on February 13, 2025, that it intended to utilize an order issued by a local state district court striking the future medical assessment of Dr. Chaiban. Defendant's exhibit D.

CV and testimony history as indicated in Document 49 filed in the record on February 19, 2025, a day after Defendants filed their Motion to Strike.

The Fifth Circuit has provided a four-part test, based on Federal Rule of Civil Procedure 37, for determining whether the exclusion of expert testimony is appropriate. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996); see also *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999). Under this test, the court will examine four factors: (1) the party's explanation, if any, for failure to comply with the scheduling order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witness's testimony. See *Barrett*, 95 F.3d at 380.

Plaintiff gives no explanation as to why on the eve of trial, and after all of the relevant deadlines have passed, there is now a new recommendation for surgery by an entirely new proposed expert. Defendants suggest that Plaintiff's new expert is to remedy the fact that Plaintiff does not have an expert to testify as to Plaintiff's future medical assessment through a life care planner.

Plaintiff failed to disclose Dr. Petilon prior to the December 16, 2024, deadline, and in her Rule 26 disclosure. This Court intentionally issues deadlines so that the parties can conduct the appropriate discovery to either prosecute or defend their case. There is no doubt that this expert's untimely report on the eve of trial will prejudice Defendants, despite Dr. Petilon's alleged crucial testimony. The Court notes that Dr. Petilon's two-page transcription recommending surgery was made after visiting with Plaintiff on one occasion. Plaintiff's proposed Supplemental Expert Designation filed in the record on February 19,

2025, expressly states that "Plaintiff intends to elicit testimony regarding Plaintiff's injuries, medical treatment, diagnosis and prognosis of plaintiff, and past and future medical expenses to be incurred by Plaintiff. No expert report has been issued at this time, however Plaintiff anticipates obtaining same."[2]

"[W]here physicians' testimony is prepared in anticipation of litigation by the attorney or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)." *Hooks v. Nationwide Hous. Sys., LLC*, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016). "[W]hen an attorney refers a physician to a client, the physician crosses the line from a treating physician into the realm of a specially retained expert whose report must be provided." *Tolliver v. U-Haul Co. of Texas*, 2011 WL 3626328, at *3(W.D. La. Aug. 17, 2011). For such experts subject to Rule 26 (a)(2)(B), "the proponent must produce to the other parties an expert report containing his opinions, the facts and data used, any exhibits to be used, the witness's qualifications, other cases in which the expert testified, and a statement of the compensation paid for services." *Talbot v. Elec. Ins. Co.*, 2018 WL 8223433, at *2 (M.D. La. Nov. 19, 2018).

The scheduling order in this matter provides:

Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before November 18, 2024 (120 days before trial).[3] Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than December 2, 2024 (105 days before trial). **No supplemental reports or**

---

[2] Plaintiff's Supplemental Expert Designation, Doc. 47-3.
[3] This deadline was extended to December 16, 2024, by motion of the parties. Docs. 20 and 22.

**additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**[4]

"The failure to meet a court-ordered deadline for supplementing an expert report is no trifling matter" and should only be excused if it was substantially justified or harmless.[5] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) (citing *Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996)).

This Court is not persuaded that Plaintiff is justified in failing to disclose this expert, nor is it harmless considering that it was first provided on the eve of trial. Accordingly,

**IT IS ORDERED** that the Motion to Strike Plaintiff's new Orthopedic Physician from Testifying at Trial (Doc. 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Leave of Court to Supplement Plaintiff's Expert Designation (Doc. 47) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 28th day of February, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] Doc. 15.

[5] Considering untimely expert disclosures in general, courts in this circuit look to: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Plaintiff has offered no explanation. The supplement only serves to increase the damage estimate by about 15 percent is of minimal importance; plaintiff can still rely on Fitzgerald's timely report. On the other hand, defendant has lost the ability rebut the report. A continuance is not available, as defendant seems to oppose it and the court is loath at any rate to grant one in this long-pending matter solely to excuse plaintiff's untimely supplement. On balance, these factors also favor exclusion.